

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**ANTHONY M. DISENSO**
*Senior Counsel*
E-mail: adisenso@law.nyc.gov
Phone: (212) 356-2640
Fax: (212) 356-3509

January 9, 2017

*By ECF and Facsimile*
The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-7949

      Re:    *D.H., et al. v. City of New York, et al.*, 16-cv-7698 (PKC) (KNF)

Your Honor:

      I am a Senior Counsel in the office of the Corporation Counsel of the City of New York and one of the attorneys representing defendants City of New York (the "City"), Sean Kinane, Joseph McKenna, Kayan Dawkins, Thomas Keane, Maria Imburgia, Kevin Maloney, Joel Allen, Dave Siev, Bryan Pocalyko, Christopher Savarese, Thomas Diggs, Joel Gomez, Keith Beddows, Christian Salazar, Henry Daverin, Joseph Nicosia, Kelly Quinn, Alexis Yanez, and Michael Doyle (collectively, the "Defendants").  Defendants write in advance of the initial pre-trial conference scheduled in this matter for Tuesday, January 17, 2017 and to respectfully request that Your Honor endorse the briefing schedule set forth herein for Defendants' contemplated Rule 12(b)(1) and 12(b)(6) motion.[1]

      As set forth below, the bases for Defendants' motion to dismiss include, *inter alia*, (i) that N.Y. Penal Law § 240.37 is neither void for vagueness, unconstitutionally overbroad, nor does it violate plaintiffs' First Amendment rights; (ii) plaintiffs have failed to state a claim for intentional discrimination; (iii) plaintiffs' state law claims fail as a matter of law to the extent they are pled on behalf of themselves and seek money damages; (iv) plaintiffs' § 1985 conspiracy claim fails as a matter of law; and (v) plaintiffs lack standing to pursue injunctive relief either on behalf of themselves or a class.

---

[1] Pursuant to Section 4(A)(1) of Your Honor's Individual Practices, which stays the time to answer or move until further order of the Court when a pre-motion conference letter is submitted, Defendants submit this letter in lieu of filing an answer to the complaint.

*(i) N.Y. Penal Law § 240.37 is neither void for vagueness, unconstitutionally overbroad, nor does it violate plaintiffs' First Amendment rights*

Section 240.37 reads, in relevant part:

> Any person who remains or wanders about in a public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of prostitution, or of patronizing a prostitute as those terms are defined in article two hundred thirty of the penal law, shall be guilty of a violation and is guilty of a class B misdemeanor if such person has previously been convicted of a violation of this section or of sections 230.00 or 230.05 of the penal law. . . . Any person who remains or wanders about in a public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of promoting prostitution as defined in article two hundred thirty of the penal law is guilty of a class A misdemeanor.

Plaintiffs' claims challenging N.Y. Penal Law § 240.37 as both void for vagueness and as overbroad fail as a matter of law.  As an initial matter, plaintiffs concede, as they must, that the New York State Court of Appeals has already considered and rejected constitutional challenges to the statute.  Indeed, in *People v. Smith*, the Court of Appeals considered both vagueness and overbreadth challenges, finding that it passed constitutional muster.  44 N.Y. 2d 613, 616 (1978).

Moreover, to the extent the Court of Appeals did not strictly consider a vagueness challenge for lack of notice, *id.* at 619; where, as here, an anti-loitering statute contains a specific intent element (*e.g.*, loitering *for the purpose of prostitution*), it satisfies the notice requirement of the Due Process Clause of the 14th Amendment.  *See Ford v. State*, 127 Nev. 608, 621-22 (2011)  (statute which made it a crime to "[i]nduce[] . . . a child to . . . enter any place . . . in which prostitution is practiced, encouraged or allowed for the purpose of sexual conduct or prostitution" was not void for vagueness because it included a specific intent element, providing adequate notice); *People v. Ellison*, 68 Cal. App. 4th 203, 208, (1998) (statute prohibiting "loiter[ing] . . . for the purpose of engaging in or soliciting lewd or lascivious or any unlawful act" provided fair notice because it included a specific intent element); *see also Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 499 (1982) ("the Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed").  Courts have also found that the inclusion of an element of "specific criminal intent" will save an anti-loitering statute from overbreadth challenges.  *Seattle v. Slack*, 113 Wn.2d 850, 855 (Wash. 1989).  The statute, which deals exclusively with conduct performed with the specific intent of engaging in unlawful activity, does not sweep within its ambit a significant amount of protected conduct.  As the Court of Appeals explained in *Smith*,

> [t]hat defendant may have employed language and the public streets to ply her trade does not imbue her conduct with the full panoply of First Amendment

> protections. On the contrary, the statute, by its terms, is limited to conduct 'for the purpose of prostitution, or of patronizing a prostitute'-- behavior which has never been a form of constitutionally protected free speech.

44 N.Y. 2d at 623. Accordingly, plaintiffs' claims challenging Section 240.37 as both void for vagueness and overbroad fail as a matter of law.

*(ii) Plaintiffs have failed to state a claim for intentional discrimination*

Plaintiffs' fifth, sixth, eighth, tenth, eleventh, twelfth, thirteenth, sixteenth, eighteenth and nineteenth claims against the Defendants should also be dismissed. Plaintiffs have failed to plausibly allege that Defendants intentionally discriminated against any protected suspect class. The Second Circuit in *Brown v. Oneonta* listed three ways a plaintiff can plead intentional discrimination. See *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 1999). A plaintiff must allege that the City (1) expressly classified on the basis of a suspect characteristic, (citing *Andarand Constructors, Inc. Pena*, 515 U.S. 200, 213 (1995)), (2) applied a neutral program in an intentional discriminatory manner, (citing *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1986)), or (3) promulgated a policy that was motivated by discriminatory animus and that had an adverse effect, (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 (1977)). *Id.*

First, other than mere conclusory allegations, plaintiffs' have not plausibly identified any law or policy that contains an express classification on the basis of a suspect characteristic.

Second, the Second Circuit held in *Pyke* that a plaintiff must show the existence of similarly situation comparators in selective prosecutions claims. *Pyke v. Cuomo*, 258 F.3d 107, 109 (2d Cir. 2001). (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996). In this case, plaintiffs claim that the Defendants enforced N.Y. Penal Law § 240.37 in a discriminatory manner. However, plaintiffs' pleadings fail to plausibly establish that other similarly situated individuals were treated differently from them with respect to the application and enforcement of N.Y. Penal Law § 240.37.

Third, plaintiffs do not allege any specific facts that plausibly establish that the Defendants were motivated by racial animus. Of the eight named plaintiffs in this case, only Plaintiff A.B. alleges that "officers abused her by using racial slurs." *See* Complaint at ¶ 55. However, Plaintiff A.B. does not explicitly state what "racial slurs" were said and which officer made such statement. Additionally, plaintiffs do not allege any specific facts that give rise to the plausible inference that the Defendants were motivated by animus towards transgender individuals. Plaintiffs have attributed statements to Police Officers that make reference to particular plaintiffs' gender; however, plaintiffs failed to plausibly allege any specific facts that Defendants were motivated by discriminatory animus when arresting the named transgender plaintiffs for loitering for the purpose of engaging in a prostitution offense.

Since plaintiffs have failed to plausibly allege that Defendants intentionally discriminated against any protected suspect class, plaintiffs' fifth, sixth, eighth, tenth, eleventh, twelfth, thirteenth, sixteenth, eighteenth and nineteenth claims against the Defendants should be dismissed.

*(iii) The named plaintiffs' state law claims fail as matter of law, to the extent they are pled on behalf of themselves and seek money damages*

To the extent plaintiffs assert state law claims on their own behalf and seek money damages for those claims, they have failed to comply with the notice of claim requirements set forth in New York General Municipal Law §50 et seq., including §§ 50-e, 50-i, and 50-h. Plaintiffs argue that no such notice is required because this case falls within the public interest exception to that requirement. *See* Complaint ¶ 6. It is true that a claim that seeks to vindicate a public interest is an exception to the notice of claim requirement recognized by the New York Court of Appeals. *Atkins v. County of Orange*, 251 F.Supp. 2d 1225, 1234 (S.D.N.Y. 2003)(citing *Mills v. County of Monroe*, 59 N.Y.2d 307, 310 (1983)). However, the public interest exception does not apply where plaintiffs are seeking money damages for the purpose of redressing their individual injuries. *Id*.

In this case Plaintiffs assert both class claims and individual claims as named plaintiffs. The remedies sought for the individual claims as named plaintiffs are for money damages sought to redress each plaintiff's individual injuries. As such, any and all of plaintiff's state law claims seeking money damages on their own behalf must be dismissed.

*(iv) The named plaintiffs' § 1985 conspiracy claim fails as a matter of law*

In order to plead a viable conspiracy claim pursuant to 42 U.S.C.§ 1985(3), a plaintiff must plead sufficient factual allegations to plausibly establish that there was "a meeting of the minds, such that Defendants entered into an agreement, express or tacit, to achieve [an] unlawful end." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000). Where a plaintiff fails to plausibly allege such a meeting of the minds, his conspiracy claim must be dismissed. *See, e.g. Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002); *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (conspiracy claim cannot withstand a motion to dismiss where it is supported only by "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights"); *Corsini v. Bloomberg*, 12 Civ. 8058 (LTS) (MHD), 2014 U.S. Dist. LEXIS 67020, at *36-*37 (S.D.N.Y. May 14, 2014) (finding that plaintiff's "vague allegations" failed to plausibly establish a conspiracy between various members of the NYPD and the New York County District Attorney's Office, among others). Here, the named plaintiffs' allegations fall far short of establishing any "meeting of the minds" between the Defendants from the 52nd Precinct.

Moreover, even assuming that plaintiffs had pled facts sufficient to plausibly allege a meeting of the minds between the 52nd Precinct Defendants, employees within the NYPD are legally incapable of entering into a conspiracy to violate an individual's civil rights under the intra-corporate conspiracy doctrine. *See, e.g.*, *Hartline v. Gallo*, 546 F.3d 95, 99 n.3 (2d Cir. 2008); *Castro v. County of Nassau*, 739 F. Supp. 2d 153, 182, n.23 (E.D.N.Y. 2010).

*(v) The named plaintiffs lack standing to pursue injunctive relief either on behalf of themselves or a class*

The named plaintiffs have also generally failed to plead a sufficient likelihood of future harm from the NYPD's enforcement of Sec. 240.37, and accordingly, lack standing to pursue injunctive relief either on behalf of themselves or the putative class they seek to represent. *See, e.g.*, *Nicosia v. Amazon.com, Inc.*, No. 15-423-CV, 2016 U.S. App. LEXIS 15656, at *34-37 (2d Cir. Aug. 25, 2016). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id.*, 2016 U.S. App. LEXIS 15656, at *34-37 (citing *DeShawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344-45 (2d Cir. 1998)).

None of the eight named plaintiffs expressed an intention to engage in or attempt to engage in prostitution-related activities in violation of Sec. 240.37 in the future. Although certain named plaintiffs allege a history of prostitution-related arrests—including for violations of 240.37, as explained *supra*, the statute itself passes constitutional muster. Moreover, only one of the eight named plaintiffs, Sarah Marchando, complains that she was unlawfully arrested by the NYPD pursuant to Sec. 240.37 on more than one occasion. Finally, the likelihood of future harm is particularly attenuated for plaintiff K.H., who moved out of state following her arrest. As such, none of the eight named plaintiffs have pled allegations sufficient to raise the prospect of future harm beyond the speculative level. *See McLennon v. City of New York*, 171 F. Supp. 3d 69, 74-76 (E.D.N.Y. 2016) (plaintiffs denied standing for injunctive relief where likelihood of similar alleged constitutional harm by NYPD in future was too speculative); *Williams v. City of New York*, 34 F. Supp. 3d 292, 294 (S.D.N.Y 2014) (plaintiff lacked standing for injunctive relief pursuant to Rule 23(b)(2) because likelihood of future arrest by NYPD too speculative); *MacNamara v. City of New York*, 275 F.R.D. 125, 140-141 (S.D.N.Y 2011) (plaintiffs denied class certification under Rule 23(b)(2), as they could make only a speculative showing of future harm from alleged NYPD mass protest arrest practices in question, despite plaintiffs' averments that they intended to participate in future protests within City limits). Accordingly, plaintiffs' class and individual claims seeking injunctive relief should be dismissed pursuant to 12(b)(1)

For the foregoing reasons, Defendants respectfully request that the Court enter the following briefing schedule for their contemplated motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6): (i) initial moving papers shall be served on February 27, 2017; (ii) opposition papers shall be served on April 10, 2017;[2] and (iii) any reply shall be served on May 1, 2017.

---

[2] Plaintiffs have stated that they would need to review defendants' pre-motion letter before taking a definite position on a briefing schedule, but anticipate requesting approximately six (6) weeks to oppose defendants' motion. Defendants have incorporated that estimate into their proposed schedule.

Thank you for your consideration herein.

                                    Respectfully submitted,

                                    s/

                                 Anthony M. DiSenso
                                 *Senior Counsel*
                                 Special Federal Litigation Division

cc:    *By ECF*
       Seymour W. James, Esq.
       William D. Gibney, Esq.
       Kimberly Forte, Esq.
       Kate Mogulescu, Esq.
       Cynthia H. Conti-Cook, Esq.
       The Legal Aid Society
       *Attorneys for Plaintiffs*
       199 Water Street, 6th Fl.
       New York, New York 10038
       (212) 577-3300

       Lawrence B. Friedman, Esq.
       Rishi Zutshi, Esq.
       Anna F. Connolly, Esq.
       Cleary, Gottlieb, Steen & Hamilton LLP
       *Attorneys for Plaintiffs*
       One Liberty Plaza
       New York, New York 10006
       (212) 225-2000