Castel, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

D.H., N.H., K.H. f/k/a J.H., NATASHA MARTIN TIFFANEY GRISSOM, ROSA GONZALEZ, ADRIENNE BANKSTON, and SARAH MARCHANDO, individually and on behalf of a class of all others similarly situated,

                                  Plaintiff,

                              -against-

THE CITY OF NEW YORK, SEAN KINANE, JOSEPH MCKENNA, KAYAN DAWKINS, THOMAS KEANE, MARIA IMBURGIA, KEVIN MALONEY, JOEL ALLEN, DAVE SIEV, BRYAN POCALYKO, CHRISTOPHER SAVARESE, THOMAS DIGGS, JOEL GOMEZ, KEITH BEDDOWS, CHRISTIAN SALAZAR, HENRY DAVERIN, JOSEPH NICOSIA, KELLY QUINN, ALEXIS YANEZ, MICHAEL DOYLE, JOHN/JANE DOE NYPD POLICE OFFICERS #1-14,

                                Defendants.
---------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

16-cv-7698 (PKC) (KNF)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/17
```

      **WHEREAS**, discovery in and trial of the above-captioned action may require the production and use of documents and/or other information pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure that contain information deemed confidential, private, or otherwise inappropriate for public disclosure;

      **WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

      **WHEREAS**, the parties will only produce these documents if appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the parties in the above-captioned lawsuit as follows:

1. As used herein, **"Action"** shall mean the lawsuit captioned above.

2. **"Anonymous Plaintiff(s)"** shall mean any Moving Plaintiff granted leave, pursuant to the Order by Judge Castel, to pursue their claims anonymously in the Action.

3. As used herein, without waiving any objections the parties might seek to interpose regarding production of this information and these documents, **"Confidential Material(s)"** shall mean:

   a. all information and documents to the extent that they contain Anonymous plaintiffs' identifying information, including, but not limited to, records concerning Anonymous plaintiffs maintained by the New York Police Department (the "NYPD"); any civil or criminal court records concerning Anonymous plaintiffs; Anonymous plaintiffs' arrest records and criminal histories; any records maintained by the New York City Department of Corrections (the "DOC") regarding Anonymous plaintiffs; records maintained by the New York City Department of Homeless Services regarding Anonymous plaintiffs; records maintained by the New York City Human Resources Administration regarding Anonymous plaintiffs; and records regarding Anonymous plaintiffs maintained by any other New York City agency not otherwise enumerated herein;

b. all plaintiffs' medical, dental, psychiatric, substance abuse, and mental health records and information;

c. defendant and non-party NYPD police officers' medical, dental, psychiatric, substance abuse, and mental health records and information;

d. performance evaluations of defendant and non-party NYPD police officers;

e. disciplinary records and information regarding defendant and non-party NYPD police officers, and the information contained therein including Civilian Complaint Review Board history, NYPD Internal Affairs Bureau Resume, and NYPD Central Personnel Index;

f. records and information regarding investigations conducted by the NYPD, the Civilian Complaint Review Board, the NYPD Internal Affairs Bureau, the EEO/ADA Coordinator, or other agencies;

g. records and information regarding defendant and non-party NYPD police officers' arrest and criminal histories;

h. records and information regarding defendant and non-party NYPD police officers' personnel records and files; and

i. information and documents that may, in good faith, during the pendency of this litigation, be designated Confidential Material by a party or the Court.

4. The parties shall have a reasonable time to inspect and designate as "Confidential" information, documents, and materials sought from third parties.

5. In order to designate documents or other material as Confidential Material within the meaning of this Confidentiality Stipulation and Protective Order, a party producing Confidential Material (the "Producing Party") to another party (the "Receiving Party") may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof and/or may designate such documents by title, Bates number, or other method reasonably calculated to give the Receiving Party notice of the confidentiality designation, in a writing directed to the Receiving Party's attorneys.

6. The Producing Party may designate as "Confidential" any documents or material pursuant to this Confidentiality Stipulation and Protective Order within a reasonable time after production of such documents or material (which shall not exceed fourteen (14) days after production, absent compelling and unusual circumstances).

7. The Receiving Party and their attorneys shall not use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of their case in the Action, except that nothing herein shall limit a party's use of its own Confidential Material.

8. The Receiving Party and their attorneys shall not disclose the Confidential Materials to any person other than a party, attorneys for that party, or any member of the staff of the Receiving Party's attorney's office, except under the following conditions:

> a. Disclosure of identifying information with respect to the Anonymous Plaintiffs may be made only to the extent necessary for the Receiving Party to issue a subpoena or make a document request in connection with the preparation or presentation of the Receiving Party's case in the Action.

  b. Disclosure may be made to an expert who has been retained or specially employed by the Receiving Party's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.

  c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials. The signed consent shall be retained by the Receiving Party's attorney and a copy of the same shall be furnished to the Producing Party's attorney upon written request, although the name of an expert that the Receiving Party's attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

  9. Either party may designate deposition exhibits or portions of deposition transcripts as Confidential Material either by (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Material Governed by a Confidentiality Stipulation and Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party's counsel.

  10. A Receiving Party may dispute the Producing Party's designation of material as Confidential Material under Paragraph 3 (h) herein, by notifying the Producing Party within thirty (30) days of the date that the material was designated as Confidential Material. The parties must meet and confer within seven (7) days of the date of that notification and endeavor in good

faith to reach an agreement as to the designation of the material. If the parties are unable to reach an agreement regarding the designation of the material, the Receiving Party may make an application to the Court within fourteen (14) days of the meet and confer in compliance with Section 4(A)(3) of The Individual Practices of Judge P. Kevin Castel. The disputed material may be submitted to the Court for in camera review. The disputed material shall remain confidential until such time as the parties have resolved their objections or the Court has ruled on the designation. Absent a Court Order to the contrary, failure to comply with the deadlines in this paragraph shall constitute abandonment of that party's right to object or move.

11. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first two sentences of this paragraph (paragraph 11), indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

12. Within sixty (60) days after the termination of this case, including any appeals, the Confidential Materials, including all copies thereof, shall be returned to the attorneys for the Producing Party that originally disclosed the materials or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the attorneys who provided them with the materials. Counsel of record may, however, retain written discovery responses, attorney work product, depositions and their exhibits, as well as documents admitted into evidence or filed with the Court, so long as appropriate safeguards are imposed to prevent the use of any copies and the documents shall not be used by the Receiving Party or anyone receiving the Confidential Material pursuant to Paragraph 8, for any other purpose.

13. Notwithstanding the foregoing provisions, where the Confidential Material is not relevant to issues addressed in court submissions and the parties agree in writing that the redaction of Confidential Material would be sufficient to protect the interests of the Producing Party, the parties may file redacted documents without further order of the Court.

14. The inadvertent production of Confidential Material without a designation as Confidential Material shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon a Producing Party's discovery that its information was not correctly designated, the Producing Party shall provide notice to the Receiving Party that the information was inappropriately designated. The Producing Party shall then have fourteen (14) days in which to designate the information. The obligation to treat such material as Confidential Material shall run prospectively from the date of notice of the proposed correction. The Receiving Party shall abide by the provisions of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of the later-designated

Confidential Material and any information contained in them. Additionally, the Receiving Party shall make a reasonable, good faith effort to cure any prior dissemination that would not be permitted under the corrected designation.

15. Nothing in this Confidentiality Stipulation and Protective Order shall limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request. To the extent that any Moving Plaintiff or her attorney publicly discloses the Moving Plaintiff's identity through any press publication, that Moving Plaintiff will no longer be considered an Anonymous Plaintiff for purposes of this Confidentiality Stipulation and Protective Order. This Confidentiality Stipulation and Protective Order shall survive the termination of this Action and, after the conclusion of this Action, shall continue to be binding upon all parties to whom the Confidential Material was produced or disclosed.

16. Any documents produced by a non-party pursuant to a subpoena in this Action that are designated as Confidential Material by a party shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

17. The terms of this Confidentiality Stipulation and Protective Order shall be binding on all parties, their present attorneys, and any future attorney they may retain immediately upon signature, and shall be submitted to the Court for entry as an Order.

18. Either party may seek modification of this Confidentiality Stipulation and Protective Order for good cause shown at any time during the course of this Action.

19. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Confidentiality Stipulation and Protective Order.

Dated: New York, New York
March 10, 2017

SO ORDERED: _____
Hon. P. Kevin Castel
United States District Judge

JS

AGREED TO AND SO STIPULATED, THIS 9th DAY OF MARCH 2017:

THE LEGAL AID SOCIETY

By: _____

Seymour W. James
*swjames@legal-aid.org*
William D. Gibney
*wdgibney@legal-aid.org*
Kimberly Forte
*kforte@legal-aid.org*
Kate Mogulescu
*kamogulescu@legal-aid.org*
Cynthia H. Conti-Cook
*cconti-cook@legal-aid.org*

199 Water Street, 6th Fl.
New York, NY 10038
Tel: (212) 577-3300

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/

Lawrence B. Friedman
*lfriedman@cgsh.com*
Rishi Zutshi
*rzutshi@cgsh.com*
Anna F. Connolly
*aconnolly@cgsh.com*

One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for Plaintiffs*


**CORPORATION COUNSEL
OF THE CITY OF NEW YORK**

By: /s/ S. Mettham

Suzanna Publicker Mettham
*smettham@law.nyc.gov*

100 Church Street
New York, New York 10007
Tel: (212) 356-2356

*Attorneys for Defendants*

## EXHIBIT A

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated _____, \_\_\_\_\_ in the action entitled, <u>D.H., et al. v. City of New York, et al.</u>, 16-cv-7698 (PKC) (KNF) (SDNY), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation