Castel, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

D.H., N.H., K.H. f/k/a J.H., NATASHA MARTIN TIFFANEY GRISSOM, ROSA GONZALEZ, ADRIENNE BANKSTON, and SARAH MARCHANDO, individually and on behalf of a class of all others similarly situated,

         Plaintiff,

-against-

THE CITY OF NEW YORK, SEAN KINANE, JOSEPH MCKENNA, KAYAN DAWKINS, THOMAS KEANE, MARIA IMBURGIA, KEVIN MALONEY, JOEL ALLEN, DAVE SIEV, BRYAN POCALYKO, CHRISTOPHER SAVARESE, THOMAS DIGGS, JOEL GOMEZ, KEITH BEDDOWS, CHRISTIAN SALAZAR, HENRY DAVERIN, JOSEPH NICOSIA, KELLY QUINN, ALEXIS YANEZ, MICHAEL DOYLE, JOHN/JANE DOE NYPD POLICE OFFICERS #1-14,

         Defendants.

----------------------------------------------------------------x

**STIPULATION AND ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**

16-cv-7698 (PKC) (KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/17

  WHEREAS, the parties jointly request that this Court issue an order, pursuant to Federal Rule of Evidence 502(d) and the Court's inherent authority, which will allow the parties in this action to conduct and respond to discovery without automatically waiving privileged or protected information in this or any other proceeding;

  **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between plaintiffs and defendants (the "Parties"), as follows:

  1. The Parties' obligations under this Order shall remain in effect through the resolution of the above-captioned matter and after its conclusion.

2. This Order shall be applicable to and govern all deposition transcripts, exhibits, and/or videotapes and documents and/or electronically stored information ("ESI") produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the Parties in this litigation (collectively, the "Information").

3. The production of any privileged or otherwise protected or exempted Information (collectively, the "Protected Information"), as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver, forfeiture or impairment, in this proceeding or in any other federal or state proceeding, of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, the deliberative process privilege, law enforcement privilege, or the subject matter thereof, as to the produced Information, or any other Information.

4. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

5. Upon discovery that Protected Information has been produced, the party producing the Protected Information (the "Producing Party") must notify the party receiving the Protected Information (the "Receiving Party") promptly, in writing, and in so notifying, identify with particularity (i.e., provide the Bates number(s) or sufficient information to identify the Protected Information) the inadvertently produced Protected Information and the basis for the claim of privilege or protection (the "Clawback Demand"). Upon receiving a Clawback Demand from the Producing Party, the Receiving Party shall make all reasonable efforts to destroy or return to the Producing Party the Protected Information, and all copies and summaries thereof,

including any copies in electronic format and copies that may have been provided to any third party, within ten (10) business days of receipt of such notice. The Receiving Party shall not use information contained in or derived from the Protected Information for any purpose, except as provided in paragraph 9, until further Order of the Court, and shall prevent further dissemination of such information. The Receiving Party shall also provide a certification of counsel that good faith and reasonable efforts have been made to return or destroy all such Protected Information.

6. The Producing Party's failure to give such notice after having learned that Protected Information has been produced shall constitute a waiver of any privilege or protection recognized under state or federal law otherwise applicable to such Protected Information.

7. Any analyses, memoranda, or notes which were internally generated based upon such produced Protected Information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Receiving Party does not contest that the Protected Information is privileged, or (b) the Court rules that the Protected Information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the Protected Information is not privileged, or (b) the Court rules that the Protected Information is not privileged. The Receiving Party shall attempt, in good faith, to identify and segregate any analyses, memoranda, or notes in electronic format, which were internally generated based upon such produced Protected Information.

8. If a Receiving Party identifies Information produced by the Producing Party that the Receiving Party believes to be Protected Information, it shall, within five (5) business days of making such an identification, give written notification to the Producing Party of the existence of the Protected Information and identify it with particularity (i.e., provide the Bates

number(s) or sufficient information to identify the Protected Information) so that the Producing Party may make a Clawback Demand, as specified in paragraph 5. The Receiving Party will then respond in accordance with the procedures set out in paragraph 5. The failure to make a Clawback Demand within five (5) business days of such a notification from the Receiving Party shall constitute a waiver of any privilege otherwise applicable to such Protected Information.

9. The Receiving Party may contest the privilege or work product designation of inadvertently disclosed Information by providing written notice to the Producing Party of the reason for said disagreement within five (5) business days from the initial notice by the Producing Party. The Receiving Party may not challenge the privilege or protection claim by arguing that the disclosure itself is a waiver of any applicable privilege. The Producing Party and Receiving Party shall then meet and confer in good faith to resolve the dispute after the parties have satisfied paragraphs 5, 7, and/or 8. The Receiving Party may, within twenty (20) business days from the meet-and-confer, seek an Order from the Court compelling the production of the material. In relation to any such letter or other application, the party claiming privilege or protection retains the burden of establishing the privileged or protected nature of any Protected Information. The Protected Information or any information obtained from the disputed Protected Information shall continue to be treated as such pending the Court's consideration of the dispute.

10. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other related Information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11. For the avoidance of doubt, nothing in this Order requires any party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data that is maintained exclusively on backup tapes or similar archived media, or in other locations that are not reasonably accessible because of undue burden and cost.

Dated:   New York, New York
         March 10, 2017

SO ORDERED:

_____
Hon. P. Kevin Castel
United States District Judge

JS

**AGREED TO AND SO STIPULATED, THIS 9th DAY OF MARCH 2017.**

THE LEGAL AID SOCIETY

By: _____

Seymour W. James
*swjames@legal-aid.org*
William D. Gibney
*wdgibney@legal-aid.org*
Kimberly Forte
*kforte@legal-aid.org*
Kate Mogulescu
*kamogulescu@legal-aid.org*
Cynthia H. Conti-Cook
*cconti-cook@legal-aid.org*

199 Water Street, 6th Fl.
New York, NY 10038
Tel: (212) 577-3300

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Lawrence B. Friedman

Lawrence B. Friedman
*lfriedman@cgsh.com*
Rishi Zutshi
*rzutshi@cgsh.com*
Anna F. Connolly
*aconnolly@cgsh.com*

One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for Plaintiffs*

CORPORATION COUNSEL
OF THE CITY OF NEW YORK

By: /s/ S. Mettham

Suzanna Publicker Mettham
*smettham@law.nyc.gov*

100 Church Street
New York, New York 10007
Tel: (212) 356-2356

*Attorneys for Defendants*